# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30934
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES CHRISTOPHER WEEKS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-296-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, James Christopher Weeks, federal prisoner # 14100-035, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Weeks, who was convicted of conspiracy to distribute methamphetamine and sentenced to 192 months of imprisonment, moved for a reduction of sentence based on Amendment 782 to the Sentencing Guidelines. He argues that the district court abused its discretion by failing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30934

to adequately explain its decision for denying him a reduction, despite the agreement by all parties that his sentence should be reduced, and by failing to take into consideration his rehabilitation efforts during his incarceration.

We review a district court's decision "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted).  In deciding whether to reduce a sentence under § 3582(c)(2), the district court must determine whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 560 U.S. 817, 826 (2010).  If, the defendant is eligible, the district court must consider the relevant 18 U.S.C. § 3553(a) factors to decide whether a sentence reduction is merited in whole or in part under the specific circumstances of the case.  *Id.* at 827.

The district court acknowledged in its order that it considered the motion for reduction of sentence and "[took] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)." Although the order did not provide additional reasons for the decision, the record as a whole reflects that the district court "gave due consideration to the motion as a whole, and implicitly to the factors set forth in § 3553(a)." *Henderson,* 636 F.3d at 718 (internal quotation marks and citation omitted). Accordingly, the district court satisfied its obligation to review the sentencing factors of § 3553(a).  Any argument that the district court did not properly balance the sentencing factors is insufficient to show an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Weeks's request for appointment of counsel is denied.

AFFIRMED; MOTION DENIED.